UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IMPX, INC.,

                                        Plaintiff,

      v.                                                     **DECISION AND ORDER**
                                                                       09-CV-698S

GREEN TECH FINANCE INC.,

                                        Defendant.

## I. INTRODUCTION

Plaintiff IMPX, Inc. alleges that the defendant, Green Tech Finance Inc., breached the contract between the parties. Plaintiff is a consulting and technology services firm, organized under the laws of Delaware, with its principal place of business in Williamsville, NY. Defendant is a Canadian corporation that provides financial consulting services for project developers. In this diversity action, Plaintiff seeks $80,190 in compensatory damages, plus interest and costs of this action.

Presently before this Court is Defendant's Motion to Dismiss Plaintiff's complaint for lack of subject-matter jurisdiction, pursuant to Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure. For the following reasons, Defendant's motion is denied.

## II. BACKGROUND

In adjudicating Defendant's Motion to Dismiss, this Court assumes the truth of the factual allegations contained in Plaintiff's complaint. See Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740, 96 S. Ct. 1848, 1850, 48 L. Ed. 2d 338 (1976); see also Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll., 128 F.3d 59, 63 (2d Cir. 1997). All well-pleaded factual allegations contained in the complaint are assumed true and construed in favor of the non-moving party. See Still v. DeBuono, 101 F.3d 888, 891 (2d

1

Cir. 1996).

The parties signed a 12-month contract for consulting services on June 7, 2008 (Compl. ¶ 7; Consulting Agreement ¶ 7). According to the terms of the Consulting Agreement, Plaintiff is entitled to a monthly fee of $5,000 for part-time activity or $10,000 for full-time activity, each "payable monthly in arrears within ten (10) business days from receipt of invoice" (Compl. ¶¶ 10, 21; Consulting Agreement ¶ 2). Defendant last paid Plaintiff for the month of September 2008 (Comp. ¶ 22).

On October 6, 2008, Defendant "suspended" the consulting agreement via email, "until markets recover" (Compl., Ex. 2). The Consulting Agreement does not address the possibility of suspension by either party. Defendant later resumed operations without notifying Plaintiff and hired new consultants to fulfill Plaintiff's previous role (Compl. ¶¶ 17, 18).

Plaintiff seeks payment for full-time activity for the remaining eight months of the contract, from October 2008 through May 2009, although it did not submit monthly invoices to Defendant during this time period (Compl. ¶¶ 6, 24).

Plaintiff submitted an invoice dated January 29, 2009, for $10,000 for the month of October 2008 (Compl. ¶ 25, Ex. 3). This invoice was for "October 2008 30-day final full time monthly fee pursuant to Consultant Memorandum Agreement dated June 7th, 2008." Id. Additionally, this invoice included $190.95 for "Post Suspension Notice incurred" business expenses. Id.

The Consulting Agreement provides two methods by which it can be terminated by either party (Compl. ¶ 13; Consulting Agreement ¶ 7). The first is for cause and the second is upon breach of any material provision of the agreement. Id. Both methods require 30 days prior written notice to the other party. Id.

Plaintiff commenced this action on August 6, 2009, by filing a complaint in the

United States District Court for the Western District of New York. Defendant filed the instant Motion to Dismiss on January 15, 2010. After full briefing, this Court took the motion under advisement without oral argument.

### III. DISCUSSION

**A.   Rules 12(b)(1) and 12(h)(3)**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for lack of subject-matter jurisdiction. Under Rule 12(h)(3), "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." A district court may dismiss an action for lack of subject-matter jurisdiction under Rule 12(b)(1) if it "lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

When challenged with a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction over the defendant. See In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003) (per curiam); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994). This burden must be satisfied by a preponderance of the evidence. See Luckett v. Bure, 290 F.3d 493, 497 (2d Cir. 2002). If the court relies on pleadings and affidavits to resolve the motion, rather than a full evidentiary hearing, the plaintiff need make only a *prima facie* showing of subject-matter jurisdiction to satisfy its burden. See Distefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001); Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999) (citing Marine Midland Bank v. Miller, 664 F.2d 899, 904 (2d Cir. 1981)); Langenberg v. Sofair, No. 03 CV 8339, 2006 WL 2628348, at *2 (S.D.N.Y. Sep. 11, 2006).

In determining whether the plaintiff has made this showing, the Second Circuit follows a policy of liberal construction of complaints. See Aurecchione v. Schoolman

Transp. System, Inc., 426 F.3d 635, 638-39 (2d Cir. 2005). All allegations in the complaint are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. See Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003). But the court is not obligated to draw "argumentative inferences" in the plaintiff's favor. Robinson, 21 F.3d at 507 (citing Atl. Mut. Ins. Co. v. Balfour Maclain Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992)).

**B.     Analysis**

Plaintiff alleges that Defendant breached the Consulting Agreement by failing to pay the monthly fee of either $5,000 for part-time work or $10,000 for full-time work for the last eight months of the 12-month contract. (Compl., ¶¶ 1, 10, 24.) Defendant argues that receipt of an invoice for each month's work is a condition precedent, without which Defendant is under no duty to pay Plaintiff as promised in the agreement. Since the last invoice received by Defendant was submitted in January 2009 for work and expenses in October 2008, Defendant maintains that no money is owed for the final eight months of the contract and subject-matter jurisdiction is therefore lacking because the amount in controversy does not exceed $75,000. Even if payments were due beyond October 2008, Defendant argues that Plaintiff's complaint does not specifically allege that Plaintiff worked full-time from November 2008 through May 2009, so Plaintiff would at best be able to recover the full-time $10,000 rate for October 2008 and then the part-time, $5,000 per month rate for November 2008 through May 2009. As a result, Defendant contends, "even construing Plaintiff's allegations . . . in the light most favorable to Plaintiff, he would only be entitled to $45,000 – which fails to create diversity jurisdiction" (Def.'s Mem., 3).

This Court finds that Plaintiff's claim for $80,190 is sufficient to establish diversity jurisdiction. The amount in controversy, as alleged in the complaint, exceeds the requisite $75,000 threshold (Compl. ¶ I). See 28 U.S.C. § 1332 (requiring diversity of citizenship and an amount in controversy in excess of $75,000 to establish diversity jurisdiction in

4

district court).  Moreover, Plaintiff alleges in the complaint that it is entitled to $10,000 per month for full-time work, and it claims that Defendant failed to pay it for eight months worth of work.  By seeking to recover $80,000, Plaintiff has made known that it seeks recovery for eight months of full-time work and it therefore satisfies the amount-in-controversy requirement.  Since the $80,000 claim is predicated upon eight months of full-time work, the facts alleged in the complaint adequately state a claim and support diversity jurisdiction.  Finally, there is no dispute that the parties are citizens of different states.  Thus, construing the allegations in the complaint in Plaintiff's favor, this Court finds that diversity jurisdiction exists.  Defendant's Motion to Dismiss for lack of subject-matter jurisdiction is denied.

## IV.  CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is denied.

## V.  ORDER

IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss (Docket No. 16) is DENIED.

SO ORDERED.


Dated:  August 6, 2010
      Buffalo, New York


                                              /s/William M. Skretny
                                           WILLIAM M. SKRETNY
                                                  Chief Judge
                                        United States District Court